**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID E. MADRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.:  4:19-CV-258 |
| v. | ) |
| | ) Removed from the Circuit Court for |
| GEORGE KOCH SONS LLC, | ) St. Francois County, Missouri, |
| BRANDON LORENZ, and | ) No. 19SL-CC00012 |
| TYSON MUELLER, | ) |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant George Koch Sons LLC ("GKS") hereby gives notice that it has removed the action styled *Madry v. George Koch Sons, LLC, et al.*, Case No. 19SF-00012, originally filed in the Circuit Court for St. Francois County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.  Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for St. Francois County in order to effect removal pursuant to 28 U.S.C. § 1441.  Pursuant to 28 U.S.C. § 1446(d), the State Court Action shall proceed no further unless and until this case is remanded.

The grounds for removal are as follows:

### BACKGROUND

1.     On January 11, 2019, Plaintiff David E. Madry commenced a civil action against GKS, Brandon Lorenz, and Tyson Mueller in the Circuit Court of St. Francois County, Missouri, styled *Madry v. George Koch Sons, LLC, et al.*, No. 19SF-00012.  A copy of the Petition in that

underlying action, along with all process, pleadings, orders, and other documents on file in the Circuit Court of St. Francois County are attached hereto as Exhibit A.

2.    In the Petition, Plaintiff seeks recovery against Defendants for injuries allegedly sustained by Plaintiff as a result of a fall on or about August 9, 2015.

3.    In addition to naming GKS as a defendant, the Petition names as defendants Brandon Lorenz and Tyson Mueller. According to Plaintiff, Lorenz and Mueller were both Plaintiff's co-employees at SRG Global in Farmington, Missouri. Petition ¶ 6. Mueller was the plant manager and Lorenz was the plant maintenance supervisor at the place where they all worked. Petition ¶ 8.

4.    The Petition alleges that Plaintiff was "performing maintenance on an overhead crane at a plant for his employer, SRG Global, in Farmington, Missouri," when he fell. Petition ¶ 6.

5.    According to the Petition, the overhead crane (the "Crane") was manufactured and installed by GKS. *Id.* ¶ 7. At the time that the Crane was installed at SRG Global, the Petition alleges, "the plant policy was that when maintenance was performed on the crane, the power to the crane had to be terminated at the pain [sic] disconnect panel in the rear of the plaint." *Id.* ¶ 9. The Petition goes on to allege that this policy later was "changed by Mueller and Lorenz that [sic] the power to the crane was to be terminated at a switch located at the crane," and that the "purpose of the policy change by Mueller and Lorenz was to save time from having employees walk to the rear of the building and bank." *Id.* ¶¶ 10-11.

6.    According to Plaintiff, just before his fall, he "attempted to turn the power off to the crane per the amended policy instituted by Mueller and Lorenz, but unbeknownst to him, there was still power coming to the crane due to an improperly installed jumper by Price." *Id.* ¶ 12.

2

"Because of the power still coming to the crane," the Petition alleges, "the crane started moving, knocking David off of a ladder, causing injuries to his leg and back." *Id.* ¶ 13.

## I. GKS Has Satisfied the Procedural Requirements for Removal.

7. GKS was served with the Petition on January 24, 2019. This removal therefore is timely under 28 U.S. C. § 1446(b) because it has been filed within 30 days after receipt of the Petition.

8. The Circuit Court of St. Francois County is located within the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. § 1441(a); L.R. 3-2.07.

9. Defendant GKS is not a citizen of the State of Missouri.

10. No previous application has been made for the relief requested herein.

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon GKS are attached collectively as Exhibit A.

12. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Circuit Court of St. Francois County.

13. By filing this Notice of Removal, GKS does not waive any of its defenses or affirmative defenses, including but not limited to its right to move to dismiss Plaintiff's claim under Rule 12 of the Federal Rules of Civil Procedure.

## II. Removal is Proper Because this Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.

### A. There is Complete Diversity of Citizenship.

14. This Court has jurisdiction over this case under 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which the properly-joined parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3

15. According to the Petition, Plaintiff is a resident of Missouri. *Id.* ¶ 1.

16. Defendant GKS is a citizen for purposes of diversity jurisdiction of the State of Indiana. GKS is and was at the commencement of this action a corporation organized under the laws of Indiana and has its principal place of business in Indiana.

17. According to the Petition, Defendant Lorenz is a citizen of Missouri, and Mueller is a citizen of North Carolina. Petition ¶¶ 3-4. As discussed below, both Lorenz and Mueller were fraudulently joined as defendants, so their citizenship should not be considered for purposes of determining diversity jurisdiction.

### B.   Plaintiff's Claim Against the Non-Diverse Defendant, Brandon Lorenz, Was Fraudulently Joined.

18. "[T]he right of an out-of-state defendant to remove a diversity suit to federal court cannot be defeated by a fraudulent joinder of a resident defendant." *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (citations omitted). "[I]f it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

19. "A fraudulently joined defendant need not consent to removal, and its citizenship will not destroy the court's diversity jurisdiction." *Garner v. Union Pac. R.R. Co.*, 2015 WL 7352281, at *4 (E.D. Mo. Nov. 20, 2015).

20. For the reasons stated below, removal of this action is proper because the Petition does not state a cause of action against Lorenz.

21. The Missouri Worker's Compensation Law, § 287.010, et seq., immunizes Lorenz from liability. "The [Missouri] Workers' Compensation Law provides the exclusive remedy

4

against employers for injuries covered by its provisions." *Simpson*, 484 F.3d at 1084-85. "This immunity from suit extends to employees of the exempt employer …." *Id.*

22. Missouri's Worker's Compensation Law provides, in pertinent part:

> Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.

R.S.Mo. § 287.120.

23. Based on this, a plaintiff only may maintain a claim in circuit court against a co-employee arising out of a work-place injury if the plaintiff "show[s] that the co-employee breached a duty separate and distinct from the employer's nondelegable duty to provide a safe workspace for all employees." *Parr v. Breeden*, 489 S.W.3d 774, 778–79 (Mo. banc 2016). Further, to bring a claim against a co-employee, a plaintiff must allege "purposeful, affirmatively dangerous conduct." *Simpson*, 484 F.3d at 1086 (Missouri law).

24. Here, Plaintiff alleges that he was injured while "performing maintenance on an overhead crane at a plant for his employer," Petition ¶ 6, as a result of a policy for depowering the Crane that was implemented by his employer through its plant manager and maintenance supervisor. *Id.* ¶¶ 10-11. At bottom, these allegations merely contend that Plaintiff was not provided a reasonably safe workplace by his employer. Plaintiff does not allege that Defendant Lorenz engaged in purposeful, affirmatively dangerous conduct, as would be required to maintain a suit against Lorenz. Rather, the Petition alleges only that "Lorenz instituted this policy

5

purposefully, and in so doing, increased the risk of injury to the crane's users." *Id.* ¶ 21. For these reasons and others, Plaintiff cannot maintain a claim against Lorenz under Missouri law.

25.     Plaintiff fraudulently joined Defendant Lorenz in effort to defeat federal diversity jurisdiction.  Plaintiff's claim against Lorenz therefore should be disregarded for purposes of determining whether this action may be removed.

### C.     The Amount in Controversy Requirement is Met.

26.     Plaintiff purports to assert claims for negligence against each of the Defendants. On each count, Plaintiff claims to have sustained an unspecified "sum exceeding $25,000" that is "fair and reasonable to compensate Plaintiff for injuries along with court cost incurred in this action, all interest allowed under Missouri law, and for such other relief this Court deems just and proper under the circumstances." Petition, Counts I-III.  Plaintiff contends he sustained "injuries to his leg and back" as a result of his fall.

27.     On its face, the Petition alleges damages totaling in excess of $75,000.  Plaintiff seeks to recover "in excess of $25,000" from each of the three defendants.  "[A] single plaintiff may properly aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount." *Tebeau v. Gen. Motors Corp.*, 2011 WL 4953999, at *1 (E.D. Mo. Oct. 18, 2011).  Taken together, Counts I – III expressly allege damages that exceed $75,000.

28.     Even if the Court severs the claims against the fraudulently joined defendants, the amount in controversy requirement is met because "a finder of fact could legally conclude that the damages exceed" the jurisdictional minimum of $75,000.  *See Polites v. Home Depo U.S.A., Inc.*, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013); *see also Carville v. Sheraton Corp.*, 2009 WL 1393872, at *3 (E.D. Mo. May 15, 2009) (denying motion to remand where petition alleged "a minimum" of $25,000.00 against each defendant).  This is especially so in light of the damages

sought and the injuries alleged, which include injuries to Plaintiff's leg, neck and back. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1039-41 (E.D. Mo. 2002). Against this backdrop, a court "cannot find, as a matter of law, that [Plaintiff's] damages will not exceed $75,000," and so the jurisdictional minimum is met. *See Armour v. Schneider Nat'l Carriers, Inc.*, 2016 WL 5470466, at *2 (E.D. Mo. Sept. 29, 2016).

29. In addition, federal courts have held that personal injury claims facially meet the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin*, 133 F. Supp. 2d 272, 296 (S.D.N.Y 2001) (complaint alleging injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000."). Further, juries in Missouri have awarded more than $75,000 in single-plaintiff actions not involving deaths. *See, e.g., Foster v. Catalina Indus*, 55, S.W.3d 385, 389 (Mo. App. 2001); *Cole v. Goodyear*, 967 S.W.2d 176, 182 (Mo. App. 1998); *Letz v. Turbomeca*, 975 S.W.2d 155, 163 (Mo. App. 1997).

30. On the face of the petition, therefore, the finder of fact legally could conclude that Plaintiff's damages exceed $75,000. *See Carville*, 2009 WL 1393872, at *3, at *2; *Tebeau v. Gen. Motors Corp.*, 2011 WL 4953999, at *1; *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Polites*, 2013 WL 2420674, at *2; *Quinn*, 228 F. Supp. 2d at 1040. The amount in controversy requirement is met.

## CONCLUSION

For the foregoing reasons, Defendant George Koch Sons LLC respectfully removes this action from the Circuit Court of St. Francois County, Missouri, to this Court.

Date: February 20, 2019　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**DOWD BENNETT LLP**

　　　　　　　　　　　　　　　　　　　　　　By: /s/ John D. Comerford
　　　　　　　　　　　　　　　　　　　　　　John D. Comerford, 60164MO
　　　　　　　　　　　　　　　　　　　　　　Matthew K. Crane, 65854MO
　　　　　　　　　　　　　　　　　　　　　　jcomerford@dowdbennett.com
　　　　　　　　　　　　　　　　　　　　　　mcrane@dowdbennett.com
　　　　　　　　　　　　　　　　　　　　　　7733 Forsyth Blvd., Suite 1900
　　　　　　　　　　　　　　　　　　　　　　St. Louis, Missouri 63105
　　　　　　　　　　　　　　　　　　　　　　(314) 889-7300 – Telephone
　　　　　　　　　　　　　　　　　　　　　　(314) 863-2111 – Facsimile

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant George Koch and Sons, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 20, 2019, a true and correct copy of the foregoing was served via ECF filing on all attorneys of record. The foregoing was also mailed on this 20th day of February, 2019, postage prepaid, to the following:

THE GOGEL LAW FIRM
Jeremy A. Gogel
4542 West Pine Boulevard
St. Louis, MO 63108
*Attorneys for Plaintiff David E. Madry*

　　　　　　　　　　　　　　　　　　　　　　/s/ John D. Comerford