**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAVID E. MADRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CV258 RLW |
| | ) |
| GEORGE KOCH SONS, LLC, | ) |
| BRANDON LORENZ, and | ) |
| TYSON MUELLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Court's own motion. Also pending are Plaintiff's

Motion to Remand the cause of action to the Circuit Court of St. Francois County, Missouri

(ECF No. 8) and Defendants Brandon Lorenz and Tyson Mueller's Motion to Dismiss Plaintiff's

Petition (ECF No. 10). Upon review of the motions, the Court notes the case upon which

Plaintiff relies in support of his motion to remand, *Brock v. Dunne*, No. ED105739, 2018 WL

4309412 (Mo. Ct. App. Sept. 11, 2018), has been transferred to and argued before the Supreme

Court of Missouri in case number SC97542. As will be further developed below, the Court finds

the Supreme Court of Missouri's determination in *Brock* could likely be dispositive in the

motions now before this Court. Therefore, the Court will stay this action until the Supreme

Court of Missouri renders its decision.

The present case stems from workplace injuries Plaintiff allegedly sustained while

performing maintenance on an overhead crane at a plant for his employer, SRG Global. (Compl.

¶¶ 6, 13, ECF No. 3) Plaintiff sued the crane manufacturer, George Koch Sons, LLC, and two

co-employees, maintenance supervisor Brandon Lorenz ("Lorenz") and plant manager Tyson

Mueller ("Mueller"). (*Id.* at ¶¶ 2-4, 8) Plaintiff alleges Lorenz and Mueller implemented a policy change requiring employees to turn off the crane power at the crane itself rather than the main panel. (*Id.* at ¶¶ 20, 23) Plaintiff asserts he attempted to turn off the power per the amended policy, but the power remained on, causing the crane to move and knock Plaintiff off a ladder. (*Id.* at ¶¶ 12-13) Plaintiff claims the policy increased the risk of injury to the crane's users. (*Id.* at ¶¶ 21, 24)

In Plaintiff's initial motion to remand, he relies on *Brock v. Dunne* for the proposition that Lorenz and Mueller's directions were "affirmative negligent acts that created an additional danger that would not have been otherwise present in the workplace." (Pl.'s Mot. to Remand ¶ 13, ECF No. 8) In both Defendant George Koch Sons, LLC's opposition to Plaintiff's motion to remand and Defendants Brandon Lorenz and Tyson Mueller's Motion to Dismiss, the Defendants claim Lorenz and Mueller are entitled to co-employee immunity under Missouri workers' compensation law, Mo. Rev. Stat. § 287.120.1.

The *Brock* addresses the 2012 amendment to Mo. Rev. Stat. § 287.120.1, which states:

> Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.

Mo. Rev. Stat. § 287.120.1 (2012). This Court previously found that the Missouri Court of Appeals opinion in *Brock* has no precedential effect in co-employee liability cases after the Supreme Court of Missouri granted transfer but also acknowledged Missouri case law is still developing as to what constitutes "an affirmative act" under the 2012 amendment. *See Hawkins v. St. Louis Rams, LLC*, No. 4:18CV382 RLW, 2019 WL 367644, at *5 n.9 (E.D. Mo. Jan. 30, 2019). Here, however, the Court notes similarities exist between the present case and *Brock.*

2

Furthermore, the Defendants rely in part on the transfer of *Brock* to the Supreme Court of Missouri as support for denying Plaintiffs' motion to remand and granting dismissal of Defendants Lorenz and Mueller.

After carefully considering and weighing the competing interests in this case, the Court concludes the case should be stayed. A Supreme Court of Missouri determination in *Brock* as to whether the actions taken by the supervisor do or do not fall within the exception to co-employee immunity may be dispositive to both Plaintiff's pending motion to remand and Defendants' pending motion to dismiss. The Court further finds the parties will not be prejudiced by a stay. This case is still in its early stages. The parties have conducted no discovery; and other than the instant motions, no substantive issues have been or are scheduled to be litigated. Thus, staying the case now would not significantly disrupt the litigation process. *See Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-00864-JAR, 2013 WL 943614, at *3 (E.D. Mo. Mar. 11, 2013) ("In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties.").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **STAYED** until such time as the Supreme Court of Missouri issues a decision in *Danny Brock, v. Peter Dunne*, No. SC97542 ("*Brock*").

**IT IS FURTHER ORDERED** that, in light of the stay, all pending motions are **DENIED without prejudice** subject to refiling, as appropriate, upon lifting of the stay.

**IT IS FURTHER ORDERED** that, within **seven (7) days** following a ruling by the Supreme Court of Missouri in *Brock*, the parties shall file an appropriate motion as to lifting the stay.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall administratively close this case for statistical purposes only, subject to reopening upon lifting of the stay herein imposed or other appropriate Order.

Dated this 11th day of September, 2019.

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**