UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MADRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:19CV258 RLW |
| v. | ) |
| | ) |
| GEORGE KOCH SONS, LLC, | ) |
| BRANDON LORENZ, and | ) |
| TYSON MUELLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants Brandon Lorenz and Tyson Mueller's Motion to Dismiss Plaintiff's Petition (ECF No. 23).[1] Defendants assert that Plaintiff David E. Madry's ("Madry") causes of action directed to his former co-employees, Brandon Lorenz ("Lorenz") and Tyson Mueller ("Mueller"), must fail because Lorenz and Mueller are entitled to immunity under R.S. Mo. §287.120.1, and Madry fails to demonstrate his claims fall within the narrow exception to this statutory immunity. This matter is fully briefed and ready for disposition. The Court will dismiss Madry's claims against Lorenz and Mueller.

---

[1] Defendants filed their Motion to Dismiss as a single document, including their argument and memorandum in support. (ECF No. 23). The parties are cautioned that "the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." E.D. Mo. L.R. 4.01(A). In the future, failure to file a separate memorandum in support will result in the Court striking the pleading for filing error.

1

## BACKGROUND[2]

On or around August 9, 2015, Madry, a Missouri citizen, was performing maintenance on an overhead crane at a plant for his employer, SRG Global. (Petition ("Pet."), ECF No. 3, ¶¶ 1, 6). The crane had been manufactured and installed by George Koch Sons, LLC d/b/a Price Walgren ("Price"), which has a principal place of business in Michigan. (Pet., ¶¶ 2, 7). Mueller, a North Carolina citizen, was the plant manager. (Pet., ¶¶ 4, 8). Lorenz, a Missouri citizen, was the maintenance supervisor. (Pet., ¶ 3, 8).

When the crane was originally installed by Price, the plant policy required that workers terminate the power to the crane at the main disconnect panel in the rear of the plant whenever maintenance was performed on the crane. (Pet., ¶ 9). At some time prior to Madry's accident, Lorenz and Mueller changed the policy so that power to the crane was terminated at a switch on the crane during maintenance. (Pet., ¶ 10). Mueller and Lorenz changed the policy "to save time from having employees walk to the rear of the building and back." (Pet., ¶ 11).

On August 9, 2015, Madry attempted to turn off the power to the crane via its switch. (Pet., ¶ 12). However, power still came to the crane by means of a jumper, improperly installed by Price. (Pet., ¶ 12). Consequently, the crane started moving, knocking Madry off of a ladder, injuring his leg and back. (Pet., ¶ 13).

In his Petition, Madry purports to bring claims for negligence against Price (Count I), negligence against Lorenz (Count II), and negligence against Mueller (Count III). The

---

[2] When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations are true and construes all reasonable inferences in favor of the nonmoving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp., supra,* at 555 – 556, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

negligence claims against Lorenz and Mueller were based upon their institution of a plant policy to turn off the power at the crane instead of the main panel.

This matter was removed to this Court by Price due to Madry's allegedly fraudulent joiner of Lorenz and Mueller. (ECF No. 1). On February 26, 2019, Madry filed a Motion to Remand the case back to Circuit Court in St. Francois County, Missouri, claiming that Lorenz and Mueller were not fraudulently joined because "[t]here is a reasonable basis of fact and law that a Missouri court might impose liability against Mueller and Lorenz for their actions." (ECF No. 8 at 4). In the Motion to Remand, Madry relied heavily upon *Brock v. Dunne*, No. ED 105739, 2018 WL 4309412 (Mo. Ct. App. Sept. 11, 2018). Price filed an opposition to the Motion to Remand on March 5, 2019. (ECF No. 9). On March 13, 2019, Lorenz and Mueller filed their Motion to Dismiss Madry's Petition, claiming that Madry failed to state a claim against them based upon co-employee immunity under Mo. Rev. Stat. § 287.120.1. (ECF No. 10).

On September 11, 2019, the Court briefly stayed this action to allow the Missouri Supreme Court to consider a case on co-employee liability. On November 9, 2021, the Missouri Supreme Court handed down *Brock v. Dunne*, No. SC 97542, 2021 WL 5217031 (Mo. Nov. 9, 2021), *reh'g denied* (Feb. 8, 2022). This Court lifted the stay on November 10, 2021. On November 24, 2021, Lorenz and Mueller filed this Motion to Dismiss. On November 30, 2021, Madry filed an Opposition to the Motion to Dismiss (incorrectly titled "Response to Defendant George Koch Sons, LLC's Response to Plaintiff's Motion to Remand") (ECF No. 24). On December 7, 2021, Lorenz and Mueller filed their Reply in Support of their Motion to Dismiss. (ECF No. 26).

3

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). Several principles guide the Court in determining whether a complaint meets the plausibility standard. The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

In their Motion to Dismiss (ECF No. 23), Lorenz and Mueller argue that they are entitled to co-employee immunity under § 287.120.1, R.S. Mo. Section 287.120.1 provides:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment. Any

4

> employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

Madry argues that an issue of fact exists regarding whether Lorenz and Mueller "engaged in a negligent act" by changing the policy regarding turning off the power to the crane and "whether they did so purposefully to increase the risk of injury." (ECF No. 24 at 2). Madry claims that he should be allowed to conduct discovery on these issues, particularly regarding Lorenz and Mueller's mental states. (*Id*.) Madry contends that their intent is a question of fact for the fact-finder to decide. (ECF No. 24 at 3 (citing *State v. Manley*, 223 S.W.3d 887, 891 (Mo. Ct. App. 2007)).[3] Madry further argues that he merely alleges that the policy was changed "to save time" but it is unknown whether it "actually saved time." (ECF No. 24 at 3). Madry claims "a jury will have to decide whether the only plausible purpose of the policy change was to increase the risk of danger to workers like Madry." (ECF No. 24 at 3).

"The statutory immunity provided by section 287.120.1 is an affirmative defense." *See Brock*, 2021 WL 5217031, at *29 (citing *McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 479 (Mo. banc 2009)). Defendants generally are required to prove affirmative defenses. *Id*. Madry, however, "bears the burden of establishing the exception to the immunity set forth in

---

[3] Madry's citation to the *Manley* case is confusing, given it is a criminal case involving assault and armed criminal action. The state appellate court in the *Manley* case simply reaffirmed the general proposition that "[q]uestions of credibility of a witness and the effects of conflicts or inconsistencies in the testimony of any witness are questions for the jury." *State v. Manley*, 223 S.W.3d 887, 891 (Mo. Ct. App. 2007).

5

section 287.120.1." *Id*. It is undisputed that Lorenz and Mueller were co-employees of Madry and, therefore, entitled to immunity under the statute. The burden then shifts to Madry to show Lorenz and Mueller's actions came within the statutory exception to the general rule of statutory immunity. *Id*.

"Under the plain and ordinary meaning of the statute's language, section 287.120.1 immunity will shield a co-employee's negligent act unless the plaintiff can establish the co-employee engaged in affirmative conduct that constitutes at least negligence and the co-employee must purposefully and dangerously cause or increase the risk of injury through that conduct." *Id*. In the present case, the Court must review the allegations in the Petition and determine whether Madry alleged sufficient facts to establish Lorenz and Mueller "engaged in affirmative negligent conduct with the specific purpose to cause or increase the risk of injury." *Id*.

Here, Madry alleges that Lorenz and Mueller changed the procedure for depowering the crane from the panel in the rear of the plant to the switch on the crane. (Pet., ¶¶ 9-10). Madry alleges that Lorenz and Mueller changed the policy "to save time from having employees walk to the rear of the building and back." (Pet., ¶ 11). The Court holds that Madry's allegation that Lorenz and Mueller changed the policy to "save time" is insufficient to bring them within the exception to co-employee immunity under Mo. Rev. Stat. § 287.120.1. To state a claim against his co-employees, Madry must allege Lorenz and Mueller "acted with the purpose to cause or increase the risk of injury, and any inference he did so would be 'unreasonable, speculative or forced.'" *Brock*, 2021 WL 5217031, *29 (citing *State v. Lehman*, 617 S.W.3d 843, 847 (Mo. 2021)). Based upon the allegations and the caselaw, the Court finds that Madry's allegations are insufficient to state a claim against Lorenz and Mueller.

Similarly, in *Brock*, Brock argued that his co-employee Edwards "acted with the purpose to increase risk of injury to Brock simply" because Edwards intentionally removed a safety guard knowingly in violation of company safety rules and the machine's manufacturer's warnings. *Id*. at \*29.  The *Brock* court, however, found that such was conclusion was "not reasonable and require[d] improper speculation[.]"  *Id*.  Admittedly, the *Brock* decision involved a review of the denial of a directed verdict and judgment notwithstanding the verdict by the lower court, where there was a full development of the record.  However, even though this case is before the Court on a Motion to Dismiss and without any discovery, the Court finds no basis for imposing co-employee liability under Mo. Rev. Stat. § 287.120.1 on Lorenz and Mueller based upon Madry's allegations that the policy change was made to "save time."  No discovery will convert this accident to an intentional and malicious act by Lorenz and Mueller.  As noted by the *Brock* court, "[t]he injuries [Madry] suffered are tragic, but they resulted from an unfortunate accident in the workplace, not the deliberate and deviant actions of a co-worker who sought and desired to cause or increase the risk of injury to a co-employee."  *Brock*, 2021 WL 5217031, at \*30.

The Court holds that Madry's allegation that they changed a policy in order to "save time" does not constitute "affirmative negligent conduct with specific purpose to cause or increase the risk of injury."  The Court finds that Lorenz and Mueller are entitled to immunity under section 287.120.1, R.S. Mo.  The Court grants Lorenz and Mueller's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** Defendants Brandon Lorenz and Tyson Mueller's Motion to Dismiss Plaintiff's Petition (ECF No. 23) is **GRANTED**.

Dated this 25th day of February 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**